UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRY SUTHERLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV01066 AGF |
| | ) |
| YORDY GOMEZ and MITCHELL | ) |
| BROTHERS MOVING, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Henry Sutherland filed this personal injury accident in state court on June 20, 2006, against two Defendants: (1) Yordy Gomez, the allegedly negligent driver of the vehicle which collided with Plaintiff's vehicle; and (2) Mitchell Brothers Moving, Inc. (Mitchell Brothers), Mr. Gomez's employer at the timer of the accident. In its notice of removal based upon diversity of citizenship, filed on July 17, 2006, Mitchell Brothers asserted that upon information and belief that Mr. Gomez had passed away the week of May 30, 2005.

By Order dated August 17, 2006, the Court gave the parties through August 28, 2006, to file a formal suggestion of death. The Court added that if thereafter, Plaintiff did not file a timely motion for substitution of Mr. Gomez with a proper party, pursuant to Federal Rule of Civil Procedure 25(a)(1), the action would be dismissed against Mr. Gomez without prejudice. On August 17, 2006, Mitchell Brothers filed a formal suggestion of Mr. Gomez's death, and on that same day, Plaintiff filed a motion to

substitute an individual named Edward Gilkerson, whom Plaintiff "appoints . . . as representative and successor of Mr. Gomez." Mitchell Brothers opposed this motion, arguing that Mr. Gilkerson did not appear to be Mr. Gomez's legal representative or successor.

The Court issued a Show Cause Order granting the parties through September 11, 2006, to provide the Court with a basis for concluding that Mr. Gilkerson was a proper party for substitution. In response to this Order, Plaintiff filed a memorandum in which he states that he is "not aware of anyone being appointed representative or successor of" Mr. Gomez, and that Mr. Gilkerson is a licensed attorney, who does not have any interest in the outcome of this litigation and is willing to be substituted as representative and successor of Mr. Gomez in this matter only. The Court concludes that Plaintiff has provided an insufficient basis for the substitution of Mr. Gilkerson in this case.

If Plaintiff is seeking the appointment of Mr. Gilkerson as defendant ad litem in accordance with Mo. Rev. Stat. § 537.021(2), applicable when a deceased defendant is insured against liability for wrongdoing and damages may be recovered from the insurer, Plaintiff has failed to apprise the Court of this and has failed to make the proper showing for such appointment. Nevertheless, the Court shall provide Plaintiff one more opportunity to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Henry Sutherland shall have until November 10, 2006, to name a proper party for substitution, or provide clear legal authority for the party currently proposed. Defendant shall have until November 17, 2006,

to respond. Absent such a showing, the claims against Defendant Yordy Gomez, deceased, shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motion to file a first amended complaint adding his wife as a Plaintiff and a loss of consortium claim is **GRANTED**. [Doc. #17]

                                         _____
                                         AUDREY G. FLEISSIG
                                         UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of November, 2006.